UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR RIVERA,

        Plaintiff,

   v.                                       CAUSE NO. 3:20-CV-861-DRL-MGG

STATE OF INDIANA *et al.*,

        Defendants.

OPINION & ORDER

    Victor Rivera, a prisoner without a lawyer, filed a complaint against three defendants. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

    Mr. Rivera alleges that, on September 15, 2020, when he was on his way to take a shower and stopped to talk to an inmate through a cuff port, another inmate from a different range walked past him, turned around, and stabbed him in the left side of his head, neck, and back. Mr. Rivera states that he tried to run away but he slipped and fell on his back while the inmate continued to stab him. He managed to get up and run to his room even though blood was gushing from his face, head, neck, and back.

Mr. Rivera was then rushed to the hospital by helicopter. Doctors used nine staples in his head and twelve stiches on his left temple to treat his wounds. When he returned to the prison, he was placed in the same housing unit but in a different room on the other side of the unit. Mr. Rivera states he continued to cough up blood but had no way of contacting prison staff because he did not have an emergency call box in his room. He states that, at one point, he told officers he needed a nurse, but no one helped him. Furthermore, he claims that he needed to shower and have his wounds cleaned daily, but the prison's medical staff neither checked on him nor cleaned his wounds. Given these events, Mr. Rivera asserts he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights.

While his allegations are concerning, Mr. Rivera names only the State of Indiana, Indiana Attorney General Curtis Hill, and "M.C.F. Administration Officers @ Large" as defendants in this lawsuit. The Eleventh Amendment bars his claim for damages against the State of Indiana. *De Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019). With respect to the Attorney General, there is no indication from the complaint that he was personally involved in these events or personally aware that Mr. Rivera was at risk of being attacked by another inmate. He cannot be held liable simply because he oversees law enforcement operations within the state. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As to the defendants "M.C.F. Administration Officers @ Large," Mr. Rivera's case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15,

nor can it otherwise help the plaintiff."). Therefore, the current complaint does not state a viable claim against any defendant.

Though the complaint does not state a claim, Mr. Rivera will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Victor Rivera;

(2) GRANTS Victor Rivera until **February 8, 2021** to file an amended complaint on that form; and

(3) CAUTIONS Victor Rivera that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

January 7, 2021                                                  *s/ Damon R. Leichty*
                                                                 Judge, United States District Court