UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR RIVERA,

        Plaintiff,

   v.                                                         CAUSE NO. 3:20-CV-861 DRL-MGG

WEXFORD MED *et al.*,

        Defendants.

OPINION AND ORDER

Victor Rivera, a prisoner without a lawyer, filed a second amended complaint against two defendants. ECF 24. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

As in his original and first amended complaints, Mr. Rivera alleges that, on September 15, 2020, when he was housed at the Miami Correctional Facility, another inmate attacked and stabbed him in the head, neck, and back while he was on the upper range of P Dorm. ECF 24 at 2. He says he turned to run away from the inmate, but he slipped and fell down because the floor was bloody. *Id*. Mr. Rivera asserts that, after he managed to get up off the floor, he was rushed to the hospital by helicopter. *Id*. When he

returned to the prison, he was again placed in P Dorm; but because his cell did not have a call box, he could not get medical help when he was spitting up blood. *Id.*

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

With respect to his failure to protect claim, Mr. Rivera has sued "C/O Staff at Miami Correctional Facility." ECF 24 at 4. However, he has already been told he cannot proceed against unnamed defendants. ECF 9 at 2-3. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Because he has not named any individual correctional officer who knew he was going to be attacked, but did nothing to prevent the attack, he has not alleged a failure to protect claim.

Mr. Rivera next alleges that, as a result of the incident, his jaw was so swollen that he could not open his mouth wide enough to brush his teeth or eat solid foods because of the broken hole in his left temple which had been surgically repaired using twelve stitches and nine staples. ECF 24 at 3. He states that Wexford's medical staff never cleaned or treated his wounds, was late in removing his stitches and staples, and refused to give

2

him medical help when he needed it. *Id*. Because Wexford's medical staff would not treat his injuries or take x-rays of his jaw or skull, he asserts he suffered in pain for three months and still has a hole in his left temple. *Id*. Mr. Rivera alleges he has been subjected to cruel and unusual punishment, suffers from post-traumatic stress disorder, and is now housed in a mental health unit at Pendleton Correctional Facility. *Id*. at 2.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "Negligence on the part of

an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). But a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Regarding his medical claim, Mr. Rivera has sued Wexford Med.[1] and is attempting to hold Wexford liable because it employs the prison's medical staff. However, Wexford is not vicariously liable for the actions of its employees under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("private corporation is not vicariously liable under § 1983 for its employees' deprivations of others civil rights"). Because Mr. Rivera's medical claim against Wexford is based only on its medical staff's decisions pertaining to his lack of care following the September 15, 2020, assault, he cannot proceed against Wexford. Furthermore, he has not alleged that the actions of the medical staff constitute

---

[1] The court construes Wexford Med. to mean Wexford of Indiana, LLC.

deliberate indifference. Therefore, the second amended complaint does not state a viable claim against any defendant.

Mr. Rivera has been given two opportunities to correct the deficiencies in his original and first amended complaints but has not done so. Previously, he was told he could not sue the State of Indiana, Indiana Attorney General Curtis Hill, and various unnamed defendants and he did not state a claim against anyone personally involved in the September 15, 2020, assault. *See* ECF 9 at 2-3; ECF 23 at 2. In his second amended complaint, he still has not sued any individual personally involved in the events he describes, and he has not alleged facts that amount to either an Eighth Amendment failure to protect claim or an Eighth Amendment deliberate indifference medical claim.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED.

January 13, 2022                                          *s/ Damon R. Leichty*
                                                          Judge, United States District Court